UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:22-CR-00100-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAMANTHA HARP (01)** | **MAGISTRATE JUDGE LEBLANC** |

### RULING AND REASONS

Before the Court is the "United States' Motion in Limine to Exclude Improper Evidence and Argument" (Doc. 41), wherein the Government moves to preclude from the trial of this matter any and all evidence (and arguments, if applicable) pertaining to the following topics: (1) interview reports as impeachment material; (2) jury nullification arguments; (3) references to the presence or absence of any Government witness; (4) references to potential penalties or consequences of conviction; (5) references to any out-of-court statements made by the defendant if offered to prove the truth of the matter asserted; and (6) the affirmative defense of justification, duress, or coercion. Defendant, SAMANTHA HARP, through counsel, states in her response no opposition to the Motion in Limine and she will abide by the Federal Rules of Evidence.

### BACKGROUND

Defendant, Samantha Harp, was indicted by a Federal Grand Jury, charging her with one count of making a false statement to federal agents, in violation of Title 18, United States Code § 1001(a)(2). On July 15, 2021, Harp, a correctional officer at the Federal Bureau of Prisons was interviewed by special agents with the U.S. Department of Justice,

Office of Inspector General ("DOJ") concerning information the DOJ received that Harp had introduced contraband into the Federal Correctional Institute Oakdale ("FCI").

During the interview, Harp denied she ever: (1) called or received a call from an inmate's family member; (2) sent or received a text message to or from an inmate's family member; (3) went into an inmate's cell after hours when the lights were out; and (4) received money from an inmate's family member. The Government alleges that the evidence demonstrates that Harp had: (1) received a phone call from an inmate's family member; (2) exchanged text messages with that family member; (3) went into another inmate's cell after hours when the lights were out; and (4) received approximately $490.00 from the inmate's family member in allegation 1 and 2.

## LAW AND ANALYSIS

The government anticipates that during the trial of this matter, Harp may try to improperly argue to the jury that her actions were justified by duress or coercion. However, the Government points out that the alleged inappropriate conduct that initiated the investigation occurred around March 8, 2020, through March 13, 2020, whereas the interview with Harp took place on July 15, 2021. Thus, the Government posits that due to length of time between the initial wrongful conduct and the actual interview that is the subject of the indictment, any duress or coercion is far removed.

Federal Rule of Evidence Rule 401 provides that evidence is relevant when it tends to make the existence of a fact of consequence to the determination of the action more or less probable. See *United States v. Perez*, 459 Fed. Appx. 191, 198 (3rd Cir. 2012)

(upholding district court's refusal to allow testimony regarding the 17 years the defendant lived in the United States as irrelevant to illegal reentry charge).

In criminal cases, however, evidence must be strictly relevant to the particular offense charged. *United States v. Dvorin*, 817 F.3d 438, 448 (5th Cir. 2016) (quoting *United States v. Hernandez-Guevara,* 162 F.3d 863, 869 (5th Cir. 1998). *See also United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989). While all relevant evidence is admissible, the Court may exclude relevant evidence if its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Although the defendant is allowed to present her theory of defense to the jury, "some relevant factual basis for the defense should exist under the Federal Rules of Evidence 401 and 402 before evidence or testimony is offered." *United States v. Thompson*, 25 F.3d 1558 at 1564 (11th Cir. 1994); see also *United States v. Wiman*, 77 F.3d 981, 985 (7th Cir. 1995) (defense must be supported by law and have some foundation in the evidence). It is well established that "evidence of non-criminal conduct to negate the inference of criminal conduct is generally irrelevant" and not admissible. *United States v. Vincent*, 648 F.2d. 1046, 1051 (5th Cir. 1981) (explaining that evidence must relate to the subject matter of the indictment); see also *United States v. Scarpa*, 897 F.2d 63, 70 (2nd Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."). A defendant may not introduce evidence of good conduct on other occasions to rebut evidence of the unlawful conduct charged in the indictment. *United States v. Marrero*, 904 F.2d 251 (5th Cir. 1990).

*Limine Issue 1: Interview Reports as Impeachment Material*

The Government moves the Court for an order directing defense counsel not to improperly use interview reports that law enforcement agents prepared concerning their summaries of witness interviews.[1] The Government argues that these reports cannot be used as impeachment materials.

An interview report has no impeachment value unless it has been adopted by the witness or it reflects a substantially verbatim transcription. *See United States v. Miller*, 68 F.3d 465, 1995 WL 581492, at *4 (5th Cir. Aug. 23, 1995) ("[A]gent's interview notes are not 'statements' of the witness under § 3500(e) unless the witness 'signed or otherwise adopted or approved the report,' 18 U.S.C. § 3500(e)(1), or the notes were 'substantially verbatim reports' of the witness interview, 18 U.S.C. § 3500(e)(2)." (alteration in original) (quoting *United States v. Pierce*, 893 F.2d 669, 675 (5th Cir. 1990)). *See also Palermo v. United States*, 360 U.S. 343, 349-52 (1959) (finding it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations and interpolations."); *United States v. Martinez*, 87 F.3d 731, 735-736 (5th Cir. 1996) (holding that a summary report of a witness interview prepared by the agent was not a "statement" of the witness); Fed. R. Evid. 613(b) (applies only to a prior inconsistent *statement* of the witness).

---

[1] The Government notes that transcriptions transcribing an audio recording of a witness's statement to agents by an outside contracting company do not fall under the ambit of this limine issue.

As such, the Governments moves to prohibit the use of interview reports that summarize interviews with Government witnesses as impeachment material, noting that these reports were not signed or adopted by the witnesses and are not verbatim recordings or transcripts of the interviews. Alternatively, the Government requests that the Court order Defendant to seek and obtain an evidentiary ruling from the Court prior to any use of such report as impeachment material. See *United States v. Judon*, 581 F.2d 553, 554 (5th Cir. 1978) (per curiam) ("Whether the [reports] contain sufficiently extensive verbatim recitation to bring the notes within the [Jencks] Act is a matter of fact to be decided by the trial court on the basis of conflicting testimony.").

Defendant raises no opposition and thus the Court agrees that the reports are not verbatim recordings or transcripts and have not been signed or adopted by the witnesses and as such the defense is precluded from introducing interview reports as impeachment materials.

***Limine Issue 2: Jury Nullification***

The Government argues that neither Harp, nor her attorney can inject irrelevant testimony, evidence, or argument into this case to encourage jury nullification. A defendant may not invite or encourage the jury to disregard its duty to apply the law as instructed by the Court. *United States v. Thompson*, 253 F.3d. 700, 2001 WL 498430, at *16 (5th Cir. Apr. 9, 2001) ("Jury nullification is not a 'right' belonging to the defendant."). See also *United States v. Funches,* 135 F.3d 1405, 1408 (11th Cir. 1998) (finding that counsel may not encourage the jury to disregard its duty to apply the law as instructed by court). The

Government requests that the Court exclude evidence and argument that is irrelevant to Harp's guilt or innocence.

Defendant raises no opposition and thus the Court agrees that irrelevant testimony, evidence, or argument encouraging jury nullification be prohibited and/or excluded from being introduced by defense as to do so would interfere with the jury's duty to apply and follow the law.

***Limine Issue 3: References to the Presence or Absence of any Particular Government Witness***

The Government requests that Harp be precluded from commenting on or asking the jury to draw any negative inference from the Government's decision to call or not call a particular witness at trial. The Government informs the Court that it may have many reasons not to call a witness, such as unavailability, lack of credibility, and/or cumulative testimony. The Government argues that making such inferences about its decision to not call a witness could potentially lead to jury confusion and if the witness is equally available to both parties, any negative inference from one party's failure to call that witness is impermissible. See *United States v. Wilson* 322 F.3d 353, 363 (5th Cir. 2003) (quoting *McClanahan v. United States*, 230 F.2d 919, 925 (5th Cir. 1956)).

Defendant raises no opposition and thus the Court agrees that the defense is precluded from referencing the presence or absence of any particular government witness that is equally available to both sides.

***Limine Issue 4: References to Potential Penalties or Consequences of Conviction***

The Government requests that the Court order Defendant to not reference, elicit testimony, or introduce evidence regarding the potential criminal penalties faced by

Defendant, or the consequences or impact of a criminal conviction on the Defendant or her family. The Government argues that it would be improper for Defendant to reference or allude to any potential sentence, or the consequences of a conviction on herself or her family.

"[T]he jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975). "The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury." *Shannon v. United States*, 512 U.S. 573, 579 (1994). "Information regarding the consequence of a verdict is therefore irrelevant to the jury's task." *Id.*

Defendant raises no opposition and thus the Court agrees that the defense is precluded from making or eliciting references to potential penalties or consequences of conviction in testimony or introducing evidence of such as this is outside the scope of a jury's considerations.

***Limine Issue 5: References to any Out-of-Court Statements Made by the Defendant if Offered to Prove the Truth of the Matter Asserted***

The Government requests an order precluding the defendant from introducing any of her own out-of-court statements to prove the truth of the matters asserted, because such statements would be inadmissible hearsay. This includes any of the defendant's statements found within otherwise admissible documents, as such statements would be governed by the "hearsay within hearsay" rule. *See United States v. Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987) ("[T]he mere fact that one level of a multiple-level statement qualifies as 'non-

hearsay' does not excuse the other levels from rule 805's mandate that each level satisfy an exception to the hearsay rule for the statement to be admissible."). It is within the Court's discretion to "redact portions of a written statement containing inadmissible hearsay while admitting portions of the statement that are admissible." *United States v. Angleton*, 269 F.Supp.2d 878, 885 (S.D. Tex. 2003).

The Government also argues that the rule of completeness does not permit the Defendant to introduce self-serving hearsay simply because the Government has introduced other statements of the Defendant through Government witnesses. Fed. R. Evid. 106.

Defendant raises no opposition and thus the Court agrees that defense is precluded from referencing any out-of-court statement made by defendant if offered to prove the truth of the matter asserted in accordance with the Federal Rules of Evidence.

***Limine issue 6: The Affirmative Defense of Justification, Duress, or Coercion***

The Government moves to prohibit Defendant from asserting the affirmative defense of justification, duress or coercion and from making any remarks or discussing subjects related to the affirmative defense. The Government notes that there is no evidence to show that Defendant had availed herself of this affirmative defense, and that during the investigation, Defendant never indicated to the investigating agents and/or the prosecution that the inmates threatened her.

Defendant raises no opposition. Defendant has not previously raised an affirmative defense of justification, duress, or coercion despite ample opportunity and has provided no

evidence of such an affirmative defense. Thus, the Court agrees that the defense be precluded from raising such an affirmative defense.

## CONCLUSION

For the reasons set forth above, the Court finds that the evidence and arguments identified as items "limine issue 1, 3, 4, 5, and 6" be precluded and item "limine issue 2" be precluded and/or excluded during the Defense's case-in-chief. Accordingly,

As noted here and above, **IT IS ORDERED** that the Motion in Limine is hereby **GRANTED** in its entirety for the reasons explained herein.

**THUS DONE AND SIGNED** in chambers on this 4th day of June, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISCTRICT JUDGE**