UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:22-CR-00100-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SAMANTHA HARP (01)** | **MAGISTRATE JUDGE LEBLANC** |

### RULING AND REASONS

Before the Court is the "Government's Motion to Permit the Introduction of Summary Charts at Trial" (Doc. 49). In this matter the Government moves to introduce summary charts in its case-in-chief to include chronology timelines, co-conspirator communications, evidence of a defendant's relationship to a phone or phone number. The Government notes that all of the information that will be included in the summary charts has been provided to counsel for Defendant in discovery and would be admissible at trial.

The Government relies on Federal Rule of Evidence 1006, which permits such charts. This rule treats summaries as evidence under circumstances where in the court's discretion, examination of the underlying documents in a trial setting cannot be done conveniently. *United States v. Smyth*, 556 F.2d 1179, 1184 (5th Cir.) *cert. denied,* 434 U.S. 862 (1977).

Thus, a summary chart is admissible under Rule 1006 if all of the records or documents upon which it is based are otherwise admissible in evidence. *United States v. Strissel*, 920 F.2d 1162, 1164 n.3 (4th Cir. 1990) *citing Hackett v. Housing Authority of San Antonio*, 750 F.2d 1308, 1312 (5th Cir.), *cert denied*, 474 U.S. 850 (1985). While the underlying documents must be admissible, the need not be separately "admitted" into evidence under the rule. *Strissel*, 920 F.2d at 1163-64; *United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988). Summary charts are admissible as evidence even when the underlying documents are admitted as well since "Rule 1006

does not require that it be literally impossible to examine the underlying records before a summary chart may be introduced." *United States v. Stephens*, 779 F.2d 232, 239 (5th Cir. 1985); *see also*, *United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991).

The Government intends to show multiple pages of cell phone toll records, financial institution transactions, and bank records. Rather than presenting the raw data from each subpoena return, the use of summary charts will avoid wasting time by presenting this same evidence in a more precise and efficient manner. The introduction of summary charts as evidence has been authorized by courts in a variety of factually different document-intensive cases. *See e.g.*, *United States v. Rana*, 129 Fed. Appx. 890 (5th Cir. 2005) (charts summarizing defendant's billing history were admissible in health care fraud prosecution); *Winn*, 948 F.2d at 157-59 (summary charts based on trial testimony and exhibits representing a chronology of events admissible in a kidnaping case).

For the sake of judicial efficiency, the Court will permit the Government to present evidence through summary charts and the introduction of admissible evidence to support those charts, and said charts will be admissible. Accordingly,

**IT IS ORDERED** that the Government's Motion to Permit the Introduction of Summary Charts at Trial (Doc. 49) is **GRANTED.**

**THUS DONE AND SIGNED** in Chambers on this 3rd day of July, 2024.

                                        **JAMES D. CAIN, JR.**
                              **UNITED STATES DISTRICT JUDGE**